ANDREW, J.T.C.,
concurring and dissenting.
I, as does Judge Hopkins, agree with the majority’s conclusion that Canadian International Paper Company (CIP) was part of International Paper Company’s (IP) unitary business enterprise, and thus, the capital gain and interest income realized by IP on the sale of its shares in CIP was properly includable in IP’s “adjusted entire net income” for corporation business tax purposes for tax years 1981 and 1982.
As did Judge Hopkins, I too part company with the majority in its determination that C.R. Bard was not also a part of the unitary business of IP. Under the controlling authority of Container Corp. of America v. Franchise Tax Bd., 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983) and Silent Hoist & Crane v. Taxation Div. Director, 100 N.J. 1, 494 A.2d 775 (1985), cert. den. 474 U.S. 995, 106 S.Ct. 409, 88 L.Ed.2d 859 (1985), I concur in the conclusion reached by Judge Hopkins in *172 dissent, based on the fact, as revealed by the record, that as between IP and C.R. Bard there was “some sharing or exchange of value not capable of precise identification or measurement [which was] beyond the mere flow of funds arising out of a passive investment or a distinct business operation.” Container, 463 US. at 166, 103 S.Ct. at 2940, 77 L.Ed.2d at 554; Silent Hoist, 100 N.J. at 22, 494 A.2d 775.